**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| TYERIA MUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13-cv-00340-WS-C |
| v. | ) | |
| | ) | |
| SALLIE MAE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**<u>PLAINTIFF'S AMENDED COMPLAINT</u>**

TYERIA MUSE (Plaintiff), through her attorneys, alleges the following against SALLIE

MAE, INC. (Defendant):

**INTRODUCTION**

1.      Plaintiff's Amended Complaint alleges that Defendant negligently, knowingly and/or

willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (TCPA).

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that

such actions may be brought and heard before "any appropriate United States district court without

regard to the amount in controversy."

3.      Defendant conducts business in the state of Alabama; therefore, personal jurisdiction

is established.

4.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

5.      Plaintiff is a natural person residing in Jackson, Clarke County, Alabama.

6.      Defendant is a business entity with an office located at 12061 Bluemont Way,

PLAINTIFF'S VERIFIED COMPLAINT AND JURY DEMAND

Reston, VA  20190.

7.      Defendant, in the ordinary course of business, on behalf of itself or others, engages in debt collection.

8.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.      Defendant places collection calls to Plaintiff seeking and attempting to collect on an alleged student loan debt.

10.     Defendant places collection calls to Plaintiff's cellular telephone at phone number (251) 246-4700.

11.     Defendant places collection calls to Plaintiff from phone numbers including, but not limited to, 877-809-8533; 317-348-9984; 765-283-3176; 765-283-3253; 317-348-9985; and 314-737-4546

12.     Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

13.     On May 30, 2013 at approximately 7:33 P.M. Central Time, Plaintiff spoke with Defendant's representative, "Travel."

14.     In the course of the telephone conversation on May 30, 2013, Plaintiff requested that Defendant cease placing collection calls to her cell phone, and requested that all further correspondence be in writing.

15.     Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system during the telephone call on May 30, 2013.

16.     Despite Plaintiff's request to cease, Defendant placed at least one hundred and seventy-three (173) automated collection calls to Plaintiff.

17.     Specifically, Defendant called Plaintiff as follows:

- May 31, 2013-4 calls;

- June 1, 2013-2 calls;

- June 2, 2013-3 calls;

- June 3, 2013-6 calls;

- June 4, 2013-2 calls;

- June 5, 2013-8 calls;

- June 6, 2013-9 calls;

- June 7, 2013-6 calls;

- June 8, 2013-4 calls;

- June 9, 2013-3 calls;

- June 10, 2013-8 calls;

- June 11, 2013-8 calls;

- June 12, 2013-8 calls;

- June 13, 2013-8 calls;

- June 14, 2013-6 calls;

- June 15, 2013-3 calls;

- June 16, 2013-3 calls;

- June 17, 2013-8 calls;

- June 18, 2013-8 calls;

- June 19, 2013-8 calls;

- June 20, 2013-8 calls;

- June 21, 2013-5 calls;

- June 22, 2013-2 calls;

- June 23, 2013-2 calls;

- June 24, 2013-8 calls;

- June 25, 2013-8 calls;

- June 26, 2013-8 calls;

- June 27, 2013-8 calls;

- June 28, 2013-7 calls;

- June 29, 2013-6 calls

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff incorporates by reference the forgoing Paragraphs 1-16.

19. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

20. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, TYERIA MUSE, respectfully request judgment be entered against Defendant, SALLIE MAE, INC., for the following:

21. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

22. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

23. All court costs, witness fees and other fees incurred; and

24. Any other relief that this Honorable Court deems appropriate.

4

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE Plaintiff, TYERIA MUSE, demands a jury trial in this cause of action.

Dated this the 20th day of September, 2013.

Respectfully submitted,

<u>/s/ M. Brandon Walker</u>
M. Brandon Walker (ASB-7482-H62W)
One of the Attorneys for Tyeria Muse

**<u>WITH THE LAW FIRM OF:</u>**
WALKER McMULLAN, LLC
242 West Valley Avenue
Suite 312
Birmingham, Alabama 35209
(205) 417-2541

5

## <u>VERIFICATION AMENDED OF COMPLAINT AND CERTIFICATION</u>

STATE OF ALABAMA      )
                      )      ss:
COUNTY OF CLARKE      )

Plaintiff, TYERIA MUSE, states the following:

1.    I am the Plaintiff in this civil proceeding.
2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.    I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.    Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.    Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, TYERIA MUSE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_M - 15 - 13_
Date

_Tyerea Muse_
TYERIA MUSE

PLAINTIFF'S VERIFIED COMPLAINT AND JURY DEMAND